In the Matter of the Application of JULIA H. BRONSON, as Executrix, etc., of FREDERICK S. BRONSON, a Stockholder in the GENEVA TELEPHONE COMPANY, for the Appointment of Appraisers to Appraise the Value of His Stock in Said Company.

JULIA H. BRONSON, as Executrix, Respondent; GENEVA TELEPHONE COMPANY and FEDERAL TELEPHONE AND TELEGRAPH COMPANY, Appellants.

Fourth Department, March 28, 1917.

Corporations — sale of stock by telephone company under section 104 of Transportation Corporations Law — right of dissenting stockholder to have value of stock appraised under section 17 of Stock Corporation Law.

Where the property of a telephone company has been sold in compliance with section 104 of the Transportation Corporations Law, a stockholder who did not consent to such sale is not entitled to have appraisers appointed for the purpose of ascertaining the value of her stock under section 17 of the Stock Corporation Law.

Under section 321 of the General Corporation Law, sections 16 and 17 of the Stock Corporation Law being in conflict with section 104 of the Transportation Corporations Law, the latter must prevail.

APPEAL by the Geneva Telephone Company and another from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Ontario on the 2d day of November, 1916, granting the motion of the petitioner herein.

*Edward H. Letchworth* and *L. H. Utter,* for the appellants.

*Arthur J. Hammond,* for the respondent.

KRUSE, P. J.:

The Geneva Telephone Company sold its property to the Federal Telephone and Telegraph Company. The respondent, a stockholder, did not consent to such sale and contends that under the provisions of section 17 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61) she has the right to have appraisers appointed to appraise the value of her stock and have the amount of such appraisal paid to her; otherwise that the sale is ineffectual.

I think that would be so if it were not for the provisions of the Transportation Corporations Law which expressly authorize such a sale as this, if ratified and approved by a three-fifths vote of its board of directors or trustees and by the vote or written consent of stockholders owning at least three-fifths of the capital stock given at a meeting of all the stockholders duly called for that purpose. (Trans. Corp. Law [Consol. Laws, chap. 63; Laws of 1909, chap. 219], § 104.) That was complied with in this case. Sections 16 and 17 of the Stock Corporation Law, upon which the respondent relies, apply to stock corporations generally, but so far as the Stock Corporation Law is in conflict with the Transportation Corporations Law the latter must prevail. Section 321 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28), upon which respondent relies, I think is authority against her contention rather than in support thereof. It is there provided that "If in any corporate law there is or shall be any provision in conflict with any provisions of this chapter [the General Corporation Law] or of the Stock Corporation Law, the provisions so conflicting shall prevail, and the provision of this chapter or of the Stock Corporation Law with which it conflicts shall not apply in such a case. If in any such law there is or shall be a provision relating to a matter embraced in this chapter or in the Stock Corporation Law, but not in conflict with it, such provision in such other law shall be deemed to be in addition to the provision in this chapter or in the Stock Corporation Law relating to the same subject-matter, and both

provisions shall, in such case, be applicable." If the provisions of section 17 were contained in the Transportation Corporations Law and not in the Stock Corporation Law, there would be force in the contention of the respondent, but that is not so.

I think the sale was effectual without the appraisal and payment of the appraisers' value of the stock of the non-consenting stockholders. It is not intended to suggest that the respondent may not have a right of action, but that question is not here. We hold only that the respondent is not entitled to maintain this proceeding.

The order should be reversed, with ten dollars costs and disbursements, and the application denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and application denied, with ten dollars costs.